Peter Casey Cruz
PO Box 5003
Coalinga, CA 93210

**RELATED DDJ**

In Pro Per:

FILED
CLERK, U.S. DISTRICT COURT
JAN 18 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

**United States District Court**

**Central District of California**

| | |
|---|---|
| Peter Casey Cruz ) | Case No.: **5:24-CV-00134-JLS-RAO** |
|    Plaintiff ) | |
| ) | Civil Rights Complaint 42 U.S.C. §1983 |
| Vs. ) | **(Non-Prisoner)** |
| ) | |
| ) | Demand For Trial |
| County of Riverside ) | |
| ) | |
|    Defendants ) | |

## I. Exhaustion:

"Unlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the [Prison Litigation Reform Act ("PLRA")]." *Agyeman v INS*, 296 F. 3d 871, 886, (9th cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h). A "civil detainee," however, is not a "prisoner" within the meaning of the PLRA. *Andrews v King*, 398 R. 3d 1113, 1122 (9th cir. 2000) (person confined under California's Sexually Violent Predator Act ("SVPA"), while "a 'prisoner' within the meaning of the PLRA when he served time for his conviction … ceased being a 'prisoner' when he was released from the custody of the Department of Correction").

## II. **Premise**

As to Defendant County of Riverside ("County"), this complaint is based on the alleged violations of plaintiff's substantive due process rights, established under *Jones v Blanas*, 393 F. 3d 918 (9th cir. 20040 ("*Jones*") [persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement that criminals whose conditions are designed to punish." *Id.* at 931] and *King v County of Los Angeles*, 885 F. 3d 548 (9th cir. 2018) ("*King*").

Plaintiff herein alleges these violations stemmed from the county's failure to enforce the holdings of *Jones* or *King* creating conditions of confinement which, when compared to those conditions of confinement criminal detainees or post-commitment SVP's are afforded at Coalinga State Hospital ("CSH"), were punitive, in violation of plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution.

Further, that the County's failure was due to an inadequate and constitutionally deficient policy regarding the conditions of confinement of SVPs housed in the jail. The deficient policy is from the Sheriff's Department Procedural Manual; section "Sexually Violent Predators." Despite the fact, the section quotes *Jones* and states SVPs are to be treated "more considerate." The policy lacks any details on what "more considerate" means. In turn, without clear guidance from the policy, deputies default to a more restrictive house and treatment of SVPs. This deficient policy has been in effect for such a duration of time as to be "standard operation procedure" (see *Menotti v City of Seattle*, 409 F. 3d 1113, 1147 (9th cir. 2005) such that liability attaches under *Monell v Dep't of Soc. Servs. Of City of N.Y.* 436 US 658, 690 (1978) ("*Monell*")

In addition, the Sheriff's Department Procedural Manual; section "Sexually Violent Predators" fails to give detail guidelines on how to follow California Penal Code §4002 (b), where the statute states SVPs are to be housed without any loss of privileges. This policy is so deficient, that a complete loss of privileges was sustained, making the County liable under a *Monell* claim.

The County has been sued several times in the last 10 years and has been sued by the Plaintiff before for the same premise. These suits, along with the 'kytes/ Inmate Requests' the Plaintiff

sent prove the county was aware, or reasonably should have been aware what the conditions of confinement must be for SVPs compared to what criminals receive. (*Ramirez v County of Riverside*, 2022 US Lexis 165552, [previous lawsuits is evidence of knowledge]) (*Jett v Penner* 439 F. 3d 1091 (9th cir 2006) [Kytes are evidence of knowledge]),

Since being sued, the County could have given SVPs there own housing units, more dayroom, phone, shower, recreation and visiting time, an extra mattress and extra clothes, which are just some examples. The County could have implemented many inexpensive ways that would give SVPs the "more considerate" confinement the constitution requires. Instead, the County refused to take action. The County had made a conscious choice not to intervene, terminate, or change the conditions of confinement for the Plaintiff.

## III. Parties

1) Peter Casey Cruz ("Plaintiff") who resides at Coalinga State Hospital, PO Box 5003 Coalinga California, 93210 as a civil detainee, alleges that his constitutional rights were violated by the actions of the below named Defendants. The actions were directed towards this plaintiff while awaiting proceedings under California's SVPA, being detained in the custody of the Riverside County Sheriff's Department, as a civil detainee, from February 23rd 2023 to July 5th 2023.

2) Riverside County ("County") in its official capacity, residing at 4080 Lemon St. Riverside CA, 92501 is and was at all times relevant herein; the municipality responsible for the policies or the lack of policies, guiding and governing on enforcing the conditions of confinement for SVPs within the county jail.

## IV. Statement Of Facts:

4) Plaintiff transferred from Coaling State Hospital ("CSH") and arrived at the county jail to be booked in as a civil detainee in mid August of 2023, for civil proceedings under the California Welfare and Institution Code ("WIC") §6600. Plaintiff was returned back to CSH on September 12th 2023.

5) After being booked in, Plaintiff was interview by a Classification Officer, at which time, the Plaintiff told the Officer he came from Coalinga State Hospital, he is a civil detainee and to house him as a civil. Plaintiff pointed out that the last time he was in the county jail in 2018, he sued because he was not treated as a civil detainee and did not received the conditions of confinement he was entitled to. Plaintiff told the classification officer to look it up. The county settled the lawsuit with the Plaintiff. (Note: Back when the Plaintiff settled his suit, he tried to settle with an injunction to make the Sheriff's Department change their policies on how they treat SVPs. The Sheriff's Department would not settle with changes, the county counsel told the Plaintiff, if you end up back in the county and treated the same way, then you are able to sue.)

6) Even after the Plaintiff made these statements to the classification officer, in booking he was dressed out in orange top and bottoms. These are not the colors for civil detainees, but for those under the criminal process. So he was being classified wrong from the start. SVPs had their own color code, red top and yellow bottoms. The Plaintiff knew this and told the deputies in booking he was a civil from CSH. Plaintiff saw the classification officer several times. It took about classification about six hours to get it straighten out.

7) Plaintiff was taken from booking and house in Robert Presley Detention Center ("RPDC") on the 7th floor in an isolation cell. Plaintiff told the deputies taking him from booking to the isolation cell, he is a civil, and if he were in the isolation cell, he would be denied privileges. Deputies ignored the Plaintiff.

8) Plaintiff was in the isolation cell for approximately eight days. In that time he was not able to make any phone calls, did not get any recreation, dayroom time, or order canteen. Plaintiff received no privileges.

9) After eight days, the Plaintiff was then transferred to Southwest Detention Center. Plaintiff was house in the Medical ward. This is also a ward with some privileges restricted and some privileges the Plaintiff just never got. There was no dayroom for the Plaintiff to walk around and stretch, no recreation time for the Medical ward, and the phone time was limited. When the Plaintiff wanted to use the phone, he had to get the deputies to bring him the phone. When the

Plaintiff asked for the phone, they deputies were always busy. Plaintiff also never received any recreation time. Plaintiff sent in grievances on these issues but never got any reply.

10) The Plaintiff at both RPDC and SWDC sent in grievances and inmate requests, stating he is a civil and is entitled to dayroom time, shower time, phone time, and recreation time without being restricted. All Plaintiffs' request were ignored or never answered.

11) When the Plaintiff was in the county jail in 2018, he got dayroom daily, got to use the phone daily, got to shower daily, and got recreation time. This time in the county jail, these privileges were more restrictive, as stated, than he, previous received in the county jail. Plaintiff thought this time around his conditions would be better due to his previous suit on the same type of conditions of confinement. This shows no changes were made, in fact, things only got worst.

12) Not only did the Plaintiff complain his conditions were far more restrictive than before, he complained the conditions he was receiving were far more restrictive than the criminals received. They got dayroom all day and evening in some areas, regular recreation time, got to use the phone throughout the day and evening, and shower any time during the day or evening. Plaintiff's conditions never came close to being similar to or equal to, let alone more considerate. They were always more restricted and were never received.

## V. Causes of Actions

### Cause One – Due Process Violation:

13) Plaintiff re-alleges the allegations contained in paragraphs 4-12 inclusive to this complaint. As a direct result, Defendant, County of Riverside ("County") is liable in its official capacity.

14) The County's policy and procedures within the Sheriff's Department Manual on SVPs, which states *Jones v Blanas* is so deficient, deputies enforced conditions such as dayroom time, phone time, shower time, recreation time, and visiting time; etc. that should be "more considerate" were denied or more restrictive. The Sheriff's Department's Manual fails to give

specifics on what *Jones v Blanas* means as far as conditions of confinement. As such, the deputies have enforced the policies for SVPs to be more restrictive. This is one actionable force behind the violations alleged herein.

15) The County's policy within the Sheriff's Department Manual on SVPs in following California Penal Codes §4002(b) is so deficient as to effectively not be a policy. Section, 4002 (b) states, without the loss of any privileges, the policy gives no guidance on what the privileges. So, deputies did not know what privileges the Plaintiff is actually entitled to get. As a result, deputies completely denied the Plaintiff privileges and restricted other privileges. Accordingly, the standard operating practice was, despite all the Plaintiff's complaints, give him nothing or very limited privileges. This is one actionable force behind the violations alleged herein.

16) Therefore, the Plaintiff was subjected to conditions of confinement more restrictive or similar (i.e., not "more considerate") to those persons being detained under criminal proceedings violating Due Process rights according to the standards in both *Jones* and *King*. This is one actionable force behind the violations alleged herein.

17) The County cannot offer any legitimate, non-punitive justification for their actions.

**Cause Two – *Monell* Claim:**

18) Plaintiff re-alleges the allegations contained in paragraphs 4-17 inclusive to this complaint. As a direct result, Defendant, County of Riverside ("County") is liable under a *Monell* claim.

19) These conditions of confinement were a direct result of long-standing policies and practices the defendant knowingly allowed, making the County liable under a *Monell* claim. This is one actionable force behind the violations alleged herein.

20) The County cannot offer any legitimate, non-punitive justification for their actions.

## Request For Relief

I, the Plaintiff believe and request I am entitled to the following specific reliefs:

(1) Award damages in the amount of $ 9,500. Damages are based on Plaintiff's previous settlement amount and the fact that, no changes were made and his conditions got worst this time around.

(2) Allow amendment as the court deems fit.

(3) Allow appointment of counsel when the court deems fit.

(4) Award any other damages the court deems fit or appropriate.

(5) Order any other injunctions the court deems appropriate to protect federal constitutional rights for those held in the county jail under the SVPA.

Date: 1/11/24

Plaintiff in Pro Per

## Demand For Trail By Judge

Plaintiff hereby requests a trial by judges due to the potential inflammatory and prejudicial facts that may arise in trial. So much that it would hard to get an impartial jury.

Date: 1/11/24

Plaintiff in Pro Per

